**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RYZE, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>   Defendant. | Case No. 24-cv-11455<br><br>**Judge Elaine E. Bucklo**<br><br>**Magistrate Judge Jeannice W. Appenteng** |

## AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT

  Plaintiff and Defendant 120 "yunpengshangwu" ("Defendant"), acting through counsel, and pursuant to the parties' settlement agreement, move this Court for entry of the Consent Judgment attached hereto.


Date: March 18, 2025


/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
brandon@saperlaw.com

Attorneys for Plaintiff

/s/Jianyin Liu
Jianyin Liu (BAR No. 1007675)
Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, Illinois 60602
(305) 209-6188
jamesliulaw@gmail.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYZE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendant. | Case No. 24-cv-11455 <br><br> **Judge Elaine E. Bucklo** <br><br> **Magistrate Judge Jeannice W. Appenteng** |

## CONSENT JUDGMENT

This action having been commenced by Plaintiff Ryze, Inc. ("Plaintiff") against Defendant 120 "yunpengshangwu" ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing and counterfeit versions of Plaintiff's federally registered RYZE SUPERFOODS trademark (Registration No. 7,408,961) (the "Plaintiff's Trademark") to residents of Illinois using e-commerce listings and/or product packaging which infringe Plaintiff's copyrighted marketing materials ("the Copyrighted Material").

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C. § 101).

IT IS HEREBY ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Plaintiff's Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademark;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. otherwise further infringing the Plaintiff's Trademark;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's trademarks, including the Plaintiff's Trademark, or any reproductions, counterfeit copies or colorable imitations; and

    f. reproducing, publicly displaying, distributing, or otherwise using in any way Plaintiff's Copyrighted Material or other materials substantially similar thereto.

2.  Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff two hundred forty thousand United Stated Dollars ($240,000.00 USD) in damages (the "Damages Amount").

3.  Amazon.com, Inc. (and/or Amazon Payments, Inc., individually and collectively "Amazon") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4.  Upon Amazon's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Amazon shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order (Dkt. No. 22) and Preliminary Injunction Order (Dkt. No. 38), if, and only if, the full Damages Amount is transferred by Amazon and actually received by Plaintiff.

5.  This case is dismissed without prejudice with leave to reinstate within eighteen (18) months of the entry date, at such time, absent a motion to reinstate, such dismissal shall automatically convert to a dismissal with prejudice.

6.  Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: _____

_____
Judge Elaine E. Bucklo
United States District Judge